IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MIRTHA GUTIERREZ Individually and o/b/o RENBERTO GUTIERREZ,** | § § § § | |
| **Plaintiff,** | § § | Civil Action No. 4:22-CV-1221 |
| v. | § § | |
| **DAIRY FARMERS OF AMERICA, INC. and JULES P. CREWS,** | § § § § | |
| **Defendants.** | § | |

**DEFENDANT DAIRY FAMERS OF AMERICA, INC.'S
NOTICE OF REMOVAL AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendant **DAIRY FARMERS OF AMERICA, INC.** ("DFA") and pursuant to 28 U.S.C. § 1441(c) files this Notice of Removal removing this action from the 281st Judicial District of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendant submits the following Brief in Support of its Notice of Removal:

**I.
PROCEDURAL HISTORY**

1. On December 30, 2021, Plaintiff Mirtha Gutierrez Individually and on Behalf of Renberto Gutierrez[1] ("Plaintiff") filed a lawsuit in the District Court for the 80th Judicial District of Harris County, Texas, as Cause No. 2021-84228 styled "*Mirtha Gutierrez Individually And o/b/o Renberto Gutierrez v. Dairy Farmers of America, Inc., Dean Foods Company, Southern

---

[1] Plaintiff incorrectly refers to Mr. Remberto Gutierrez as "Renberto" Gutierrez.

Defendant Dairy Farmers of America, Inc.'s
Notice of Removal and Brief in Support
12139.05

Page 1 of 10

*Foods Group, LLC, and Dean West II, LLC*". A true and correct copy of the Petition filed against DFA, Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC[2] is attached as Exhibit "A-2."

2. On January 5, 2022, Plaintiff filed a nonsuit as to her claims against Defendants DFA, Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC. A true and correct copy of this nonsuit is attached as Exhibit "A-3".

3. On January 11, 2022, Plaintiff filed a second lawsuit in the District Court for the 281st Judicial District of Harris County, Texas, as Cause No. 2022-01744 styled "*Mirtha Gutierrez Individually And o/b/o Renberto Gutierrez v. Jules P. Crews*" ("state court action"). A true and correct copy of the Original Petition against Jules P. Crews is attached as Exhibit "A-4".

4. Crews was served with Plaintiff's Original Petition on January 18, 2022, and timely filed his Original Answer on February 4, 2022, in the state court action, true and correct copies of which are attached hereto as Exhibits "A-5" and "A-6", respectively.

5. On March 17, 2022, Plaintiff amended her Original Petition against Jules P. Crews and added DFA as a party to the instant suit. A true and correct copy of Plaintiff's First Amended Petition is attached as Exhibit "A-7".

6. DFA was served with Plaintiff's First Amended Petition on March 22, 2022. A true and correct copy of the citation served on DFA is attached as Exhibit "A-8".

7. DFA now submits this Notice of Removal and Brief in Support to remove Cause No. 2022-01744 to the United States District Court for the Southern District of Texas, Houston Division.

---

[2] Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC are bankrupt/defunct entities, following the May 1, 2020 transaction, where DFA acquired the majority of the assets of the Dean Foods Company.

Defendant Dairy Farmers of America, Inc.'s
Notice of Removal and Brief in Support
12139.05
Page 2 of 10

8. Prior to this removal, DFA filed its Answer on April 15, 2022, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-9".

## II.
## CITIZENSHIP OF THE PARTIES

9. Plaintiff is an individual residing in and is a citizen of the State of Texas. Ex. "A-4", ¶ V.

10. DFA is a cooperative marketing association incorporated under the laws of the State of Kansas and has its principal place of business in Wyandotte County, Kansas. Accordingly, DFA has at all relevant times been a citizen of Kansas pursuant to 28 U.S.C. § 1332(c).

11. Defendant Crews, an individual, has at all relevant times been a resident and citizen of Texas. Ex. "A-4", ¶ V.

12. DFA would show that the Court has jurisdiction over this matter, as Plaintiff has fraudulently and/or improperly joined Defendant Crews as a defendant in this suit solely to defeat diversity jurisdiction.

## III.
## AMOUNT IN CONTROVERSY

13. DFA would further show that given the improper joinder of Crews, once he is disregarded as a defendant, the Court has diversity jurisdiction over this matter, as there is complete diversity of citizenship between the proper parties to this suit, Plaintiff and DFA, and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000, pursuant to Plaintiff's Amended Petition.

14. Plaintiff alleges in her First Amended Petition that she seeks "monetary relief over $1,000,000." Ex. "A-7" at ¶ IV.

## IV.
## GROUNDS FOR REMOVAL

Defendant Dairy Farmers of America, Inc.'s
Notice of Removal and Brief in Support
12139.05

Page 3 of 10

15. Plaintiff improperly joined Defendant Crews, solely to defeat diversity jurisdiction and prevent removal of this action to federal court. Plaintiff first filed a lawsuit on December 30, 2021, seeking to impose liability for Plaintiff's workplace injury against DFA, Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC, all of which were non-diverse defendants. Plaintiff then nonsuited the entire action on January 5, 2022. Plaintiff then, just six days later, on January 11, 2022, filed a new lawsuit seeking recovery for the same workplace injury, albeit under slightly different facts. This time, Plaintiff named only Jules Crews as a defendant who, like Plaintiff Remberto Gutierrez, is an employee of DFA. Plaintiff then waited over two months after filing suit against Jules Crews, until March 17, 2022, to join DFA as a defendant.

16. Regardless of Plaintiff's factual theory, Plaintiff cannot establish that she has any reasonable basis for recovering from Defendant Crews in state court (or any court) on her claims in connection with Plaintiff's workplace injury. When, as in this case, "'there is no reasonable basis for predicting that the plaintiff might establish liability … against the in-state defendants," "[u]nder the improper-joinder doctrine, a court should disregard the citizenship of non-diverse defendants" when determining whether removal is proper under § 1441. *Flagg v. Stryker Corp.*, 801 F.3d 456, 458 (5th Cir. 2015) (quoting *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir. 2000)). "To determine whether Plaintiff is able to establish a cause of action against [a non-diverse defendant], '[t]he [C]ourt may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Rocha v. Macy's Retail Holdings, Inc.*, 2017 WL 8182754, at *3 (W.D. Tex. May 4, 2017) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564-65 (6th Cir. 2015); *see*

Defendant Dairy Farmers of America, Inc.'s  
Notice of Removal and Brief in Support  
12139.05

Page 4 of 10

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) (Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.)

17. Plaintiff's Original and Amended Petitions allege that Crews' negligent conduct caused Plaintiff's injuries. "Generally, 'a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation.'" *Rocha*, 2017 WL 8182754, at *3 (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) for premise that "'individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'") (internal citation omitted). Under Texas law, co-workers may sue one another for injuries caused by the fellow employee's conduct only when one employee breaches an independent duty of care, and "[c]ourts have rarely found employees to owe co-workers an independent duty of care for negligent acts." *Id.* (citing *Werner v. Colwell*, 909 S.W.2d 866, 868 (Tex. 1995) and *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). This is because under Texas law "[t]he duty to provide a safe workplace [is] a non-delegable duty imposed on, and *belonging solely to,*" the employer. *Leitch*, 935 S.W.2d at 118 (emphasis added).

18. Plaintiff's pleadings, on their face, establish that Plaintiff has no basis for recovery against Crews. The factual allegations against both Crews and DFA refer to the same actions and specifically allege that such actions were taken in the scope and course of Crews' employment for "a subsidiary of Dairy Farmers of America, Inc.". Ex. "A-7", ¶ I. Any alleged breaches pled by Plaintiff against Crews arise purely as a result of his status as an employee of this "subsidiary of Dairy Farmers of America, Inc." *Id*. Courts have found allegations such as these insufficient to

Defendant Dairy Farmers of America, Inc.'s  
Notice of Removal and Brief in Support  
12139.05

Page 5 of 10

support an independent duty. *See Stange-Schmidt v. Home Depot U.S.A., Inc.*, 2011 WL 13228875, at *1-2 (N.D. Tex. April 26, 2011) (finding no facts supporting a conclusion that the employee defendant owed an independent duty because all actions taken by that defendant were taken in the course and scope of his employment and "[a]ll of the duties plaintiffs allege were owed to them by [the defendant] are those arising in the course and scope of his employment.").

19. After electing to nonsuit the claims against DFA, Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC, Plaintiff chose to bring this suit against only Crews, yet continued to assert against Crews allegations identical to those alleged in the original lawsuit regarding workplace safety, including but not limited to Crews' alleged breach of duty when "failing to maintain a safe work environment" for Plaintiff. Ex. "A-4", ¶ IVA. It is clear from Plaintiff's consistent use of recycled and copy-pasted language that Plaintiff simply inserted "Crews" in place of the previously named corporate defendants. Plaintiff pursued this route for no purpose other than to avoid removal to federal court. Because Plaintiff failed to plead any recoverable cause of action against Crews, Plaintiff cannot avoid removal by relying on the citizenship of an improperly joined party.

20. The factual scenario Plaintiff alleges in the instant case was not asserted in Plaintiff's first petition against DFA, Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC. *See* Ex. "A-2". Plaintiff, in the first petition, failed to reference any sort of moving apparatus or truck from which Plaintiff allegedly fell. *See id.* Instead, in that suit, Plaintiff's focus was on the fact that Defendants "breached the duty of reasonable care" in several ways, including but not limited to "failing to maintain a safe work environment" for Plaintiff. Ex. "A-2", ¶ VIA.

Defendant Dairy Farmers of America, Inc.'s
Notice of Removal and Brief in Support
12139.05

Page 6 of 10

21. The improper joinder doctrine applies regardless of the order in which Plaintiff named or joined the defendants as a suit may later become removable when the plaintiff brings about a change that creates diversity jurisdiction. See 28 U.S.C. § 1446(c)(1). Just as a plaintiff may not avoid federal subject matter jurisdiction by artfully pleading federal law causes of action under state law theories, here Plaintiff cannot avoid application of the improper joinder doctrine simply by first filing against Crews and later joining DFA. Plaintiff cannot recover from Crews on any cause of action, and his status as a defendant in this action should not be considered in determining whether complete diversity exists and removal of this action is proper.

## V.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

22. Plaintiff sued DFA alleging negligence and injuries arising out of a workplace injury that allegedly occurred November 24, 2021. Ex. "A-7". DFA is a defendant and under § 1441(a) has the power to remove this action.

23. Plaintiff sued Crews, an employee of the company where Plaintiff worked, also alleging negligence in connection with the subject workplace injury. Because Plaintiff has improperly joined Crews, Crews' citizenship is disregarded for purposes of determining whether complete diversity exists.

24. Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, it being filed no more than thirty (30) days after service.

25. The United States District Court for the Southern District of Texas encompasses Harris County, the county in which the state court action is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

26. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. As such, this matter may be removed to this Court pursuant to

Defendant Dairy Farmers of America, Inc.'s  Page 7 of 10
Notice of Removal and Brief in Support
12139.05

28 U.S.C. § 1332 because there is complete diversity between the parties when Crews is properly disregarded as an improperly joined defendant to this suit. 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

27. There are no other proper defendants to this action. Given that Crews is an improperly joined defendant in this action, he must neither consent to nor join in removal, as only properly joined and served defendants must do so. 28 U.S.C. § 1446(b)(2)(A); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (holding that the district court was correct in finding that the absence of consent by [improperly joined defendants] did not render [the diverse removing party's] removal invalid).

28. In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1" through "A-9" are copies of all process, pleadings, and orders from the state court proceeding. More specifically, true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| **Exhibit:** | **Description of Exhibit:** |
| --- | --- |
| **Exhibit "A"** | Index of Pleadings |
| **Exhibit "A-1"** | State Court Docket Sheet |
| **Exhibit "A-2"** | Plaintiff's Petition Against Dairy Farmers of America, Inc., Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC |
| **Exhibit "A-3"** | Plaintiff's Notice of Nonsuit |
| **Exhibit "A-4"** | Plaintiff's Original Petition |
| **Exhibit "A-5"** | Citation and Affidavit of Service for Defendant Crews |
| **Exhibit "A-6"** | Defendant Crews' Original Answer |

Defendant Dairy Farmers of America, Inc.'s
Notice of Removal and Brief in Support
12139.05

Page 8 of 10

| | |
|---|---|
| **Exhibit "A-7"** | Plaintiff's Amended Petition |
| **Exhibit "A-8"** | Citation and Affidavit of Service for Defendant DFA |
| **Exhibit "A-9"** | Defendant DFA's Original Answer |
| **Exhibit "A-10"** | Notice of Filing of Notice of Removal (to be filed after this Notice of Removal is filed); |
| **Exhibit "B"** | Fed. R. Civ. P. 7.1 Disclosure Statement |

29. Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the 281st Judicial District Court in Harris County, Texas, to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the state court proceeding is attached hereto as Exhibit "A-10."

30. DFA specifically reserves the right to amend or supplement this Notice of Removal.

## VI.
## JURY DEMAND

31. Plaintiff demanded a jury in the state court action. Ex. "A-7" at ¶ VIII.

## VII.
## NON-WAIVER OF DEFENSES

32. By virtue of this removal, DFA does not waive its right to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

33. By removing this action, DFA does not admit any of the allegations in Plaintiff's First Amended Petition.

WHEREFORE, PREMISES CONSIDERED, Defendant DAIRY FARMERS OF AMERICA, INC. prays the Court remove the case styled "*Mirtha Gutierrez Individually and o/b/o Renberto Gutierrez v. Jules P. Crews*" bearing Cause No. 2022-01744, pending in the 281st

Defendant Dairy Farmers of America, Inc.'s
Notice of Removal and Brief in Support
12139.05

Page 9 of 10

Judicial District Court for Harris County, Texas, to the United States District Court, Southern District of Texas, Houston Division, and for such other and further relief to which it is entitled.

Respectfully Submitted,

    /s/ Chad L. Farrar
By: Chad L. Farrar

MULLIN HOARD & BROWN, L.L.P.
Chad L. Farrar, Texas Bar No. 00793716
C. Brett Stecklein, Texas Bar No. 00794688
Katie P. Harrison, Texas Bar No. 24062767
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:    (214) 754-0040
Facsimile:    (214) 754-0043
cfarrar@mhba.com
bstecklein@mhba.com
kharrison@mhba.com

***Attorneys for Dairy Farmers of America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 15th day of April, 2022, a true and correct copy of the foregoing was served by email and ECF addressed to:

**Via ECF & email**
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, TX 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

                                                         /s/ Chad L. Farrar
                                                         Chad L. Farrar

Defendant Dairy Farmers of America, Inc.'s
Notice of Removal and Brief in Support
12139.05

Page 10 of 10