Case 4:22-cv-01221 Document 1-3 Filed on 04/15/22 in TXSD Page 1 of 6

12/30/2021 11:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60395017
By: Carolina Salgado
Filed: 12/30/2021 11:21 AM

CAUSE NO. _____

| | | |
|---|---|---|
| MIRTHA GUTIERREZ Individually<br>And o/b/o RENBERTO GUTIERREZ | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| DAIRY FARMERS OF AMERICA, INC.,<br>DEAN FOODS COMPANY,<br>SOUTHERN FOODS GROUP, LLC,<br>And DEAN WEST II, LLC | § § § § § § | _____ DISTRICT COURT |
| Defendants. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff Mirtha Gutierrez Individually and on Behalf of Renberto Gutierrez, complaining of Defendants Dairy Farmers of America, Inc., Dean Foods Company, Southern Foods Group, LLC, and Dean West II, LLC, and for cause of action would respectfully show this Honorable Court the following:

### I. BACKGROUND

On or about November 24, 2021, Plaintiff Renberto Gutierrez was working for Dairy Farmers of America, Inc., Defendant. Dairy Farmers of America, Inc. is not a workers compensation subscriber. Plaintiff was working on one of Defendant's trucks when he fell from over ten feet and landed on his head. Defendant did not have the proper equipment, proper training, or proper procedures for this job. Defendant failed to conduct a fall safety inspection prior to sending its employees to do this work. Defendant recognized the unguarded fall risk, prior to the work being assigned, but failed to warn its employees about the hazardous condition. Due to this incident, Plaintiff sustained severe injuries to his head, back, neck, and other parts of his body.

**EXHIBIT A-2**

Indeed, Plaintiff has been in a coma for several weeks. Plaintiff suffered and will continue to suffer damages, and brings this suit to recover such damages.

Dean Foods is an entity with responsibility to provide safe working procedures and policies to the other Defendants. Dean Foods failed to do this in that there were no safe work procedures or policies in place. Moreover, there was no safety equipment available for Plaintiff to use. Individuals like Plaintiff were regularly working at heights without safety equipment and safety procedures.

The property is owned by Southern Foods Group, LLC and Dean West II, LLC. The property was kept in an unsafe and unsecure condition. Defendants failed to conduct a fall safety inspection prior to this work occurring. Defendants recognized the risk with this work, prior to the work occurring, but failed to warn anyone about the hazardous condition. The property did not have adequate fall protection equipment despite these Defendants' knowledge that individuals were working at heights regularly. Additionally, the property did not have adequate safety equipment or safety procedures. These Defendants had a duty to provide a safe area for individuals to work, yet they failed in this regard.

## II.    DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure Rule 190.3 and affirmatively pleads that she seeks monetary relief of in excess of the jurisdictional limits of this Honorable Court.

## III.    JURISDICTION AND VENUE

Venue and jurisdiction are proper. The relief requested is within the jurisdictional limits of this Court. Defendants are registered to do business in Texas and have continuous and systemic business activities in this state. Defendants, Dean Foods Company, Southern Foods Group, LLC,

and Dean West II, LLC's principal offices are located in Texas. Venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

### IV. STATEMENT REGARDING MONETARY RELIEF SOUGHT

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

### V. PARTIES

Plaintiff is a resident of Harris County, Texas.

Defendant Dairy Farmers of America, Inc. is a corporation and may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, TX 78701.

Defendant Dean Foods Company is a company that does business in Texas. Dean Foods Company's principal office is in Dallas, Texas. Defendant may be served through its registered agent: CT Corporation System, 1999 Bryan Street., Suite 900, Dallas, Texas 75201.

Defendant Southern Foods Group, LLC is a corporation that does business in Texas. Southern Foods Group, LLC's principal office is in Dallas, Texas. Defendant may be served through its registered agent: CT Corporation System, 1999 Bryan Street., Suite 900, Dallas, Texas 75201.

Defendant Dean West II, LLC is a corporation that does business in Texas. Dean West II, LLC's principal office is in Dallas, Texas. Defendant may be served through its registered agent: CT Corporation System, 1999 Bryan Street., Suite 900, Dallas, Texas 75201.

VI.     CAUSES OF ACTION

A.  NEGLIGENCE

Defendants owed a duty of reasonable care to the Plaintiff. Defendants breached the duty of reasonable care in one or more of the following non-exclusive ways, among others:

a. Failing to create and/or enforce safety rules and guidelines;

b. Failing to institute precautionary measures to protect individuals working on the premises and work site;

c. Failing to secure the property for safe work;

d. Failure to warn of this unsafe condition;

e. Causing and/or creating an unsafe condition;

f. Failing to remedy a known unsafe condition;

g. Allowing dangerous conditions to exist on the property;

h. Failure to properly supervise the work;

i. Failure to provide a safe place to work;

j. Failure to properly inspect the property prior to the work in question;

k. Failing to exercise reasonable and prudent care over the operations in question;

l. Failing to institute safe work procedures for the property;

m. Failure to have proper equipment on the property;

n. Failing to have proper equipment, specifically harnesses and fall protection equipment for workers on the site;

o. Failing to properly train workers;

p. Failing to properly and timely fix any job hazards; and

q. Failing to maintain a safe work environment.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

### B. GROSS NEGLIGENCE

Plaintiff re-alleges each aforementioned allegation. Plaintiff will further show that the acts and/or omissions of Defendants involve an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

Defendants knew or should have known of the risk associated with using an incorrect, insufficient, or defective fall protection system for this work. Defendants also knew or should have known of the risk associated with not providing a safety harness or failing to provide fall protection systems to Plaintiff. As such, Defendants' actions and omissions constitute gross negligence and malice as those terms are understood by law. Therefore, Plaintiff prays that punitive damages be awarded against Defendants. Plaintiff would show that nothing Plaintiff did, or failed to do, in any way contributed to this incident.

### VII.   DAMAGES

Because of the nature of Defendants' actions, Plaintiff seeks punitive damages. Plaintiff seeks court costs, as well as pre-judgment and post-judgment interest at the appropriate rate allowed by law. Plaintiff seeks any other and further relief to which Plaintiff may be justly entitled.

All conditions precedent have been performed or have occurred.

### VIII.   JURY DEMAND

Plaintiff respectfully demands a jury trial and tenders the appropriate fee with this petition.

## IX. INITIAL DISCLOSURES

Pursuant to Tex. R. Civ. P. 194, Plaintiff requests that each Defendant disclose within thirty (30) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X. PRAYER

Plaintiff prays that these citations issue and be served upon each Defendant in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which she may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    Christopher J. Leavitt
    State Bar No. 24053318
    JPMorgan Chase Tower
    600 Travis Street, Suite 7300
    Houston, Texas 77002
    Tel: (713) 223-5393
    Fax: (713) 223-5909
    www.txattorneys.com
    tbuzbee@txattorneys.com
    cleavitt@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**