CAUSE NO. **2022-01744**

| | | |
|---|---|---|
| MIRTHA GUTIERREZ Individually | § | IN THE DISTRICT COURT OF |
| And o/b/o RENBERTO GUTIERREZ | § | |
| | § | |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| | § | |
| V. | § | |
| | § | 281st DISTRICT COURT |
| | § | |
| JULES P. CREWS | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff Mirtha Gutierrez Individually and on Behalf of Renberto Gutierrez, complaining of Defendant Jules P. Crews and Defendant Dairy Farmers of America, Inc., and for cause of action would respectfully show this Honorable Court the following:

### I.   BACKGROUND

On or about November 24, 2021, Plaintiff Renberto Gutierrez was working for a subsidiary of Dairy Farmers of America, Inc. ("DFA"). Plaintiff was working on one of DFA's trucks when he fell from over ten feet and landed on his head. This fall was caused by someone moving the vehicle without warning to Mr. Gutierrez who was still working on top of it. The person who moved the vehicle was Defendant Jules P. Crews. Mr. Crews unnecessarily moved the vehicle, and did so without warning or informing Mr. Gutierrez. Accordingly, when the vehicle started to move, Mr. Gutierrez was unprepared and fell. Due to this incident, Plaintiff sustained severe injuries to his head, back, neck, and other parts of his body. Indeed, Plaintiff has been in a coma for several weeks. Plaintiff suffered and will continue to suffer damages, and brings this suit to recover such damages.

**EXHIBIT A-7**

The facility in which Mr. Gutierrez was injured is owned by Defendant DFA. This property was negligently maintained and operated. More specifically, this facility had no fall protection equipment or safety protocols for working at heights. Defendant DFA failed to maintain or operate this facility in a safe manner. As a result, Mr. Gutierrez was almost killed.

## II.     DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure Rule 190.3 and affirmatively pleads that she seeks monetary relief of in excess of the jurisdictional limits of this Honorable Court.

## III.    JURISDICTION AND VENUE

Venue and jurisdiction are proper. The relief requested is within the jurisdictional limits of this Court. Defendant Jules Crews is located in Texas. Defendant DFA is a foreign defendant but maintains ongoing for-profit businesses in Texas. Venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## IV.    STATEMENT REGARDING MONETARY RELIEF SOUGHT

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## V.     PARTIES

Plaintiff is a resident of Harris County, Texas.

Defendant Jules Crews is an individual and resident of Texas. He can be served at his normal place of work: 3430 Leeland St., Houston, TX 77003.

Defendant Dairy Farmers of America, Inc. is a corporation and may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## VI.     CAUSES OF ACTION

### A. NEGLIGENCE

Defendants owed a duty of reasonable care to the Plaintiff. Defendants breached the duty of reasonable care in one or more of the following non-exclusive ways, among others:

   a. Moving the vehicle without warning or notice;

   b. Failing to create and/or enforce safety rules and guidelines;

   c. Failing to institute precautionary measures to protect individuals working on the premises and work site;

   d. Failing to secure the property for safe work;

   e. Failure to warn of this unsafe condition;

   f. Causing and/or creating an unsafe condition;

   g. Failing to remedy a known unsafe condition;

   h. Allowing dangerous conditions to exist on the property;

   i. Failing to properly supervise the work;

   j. Failing to provide a safe place to work;

   k. Failing to properly inspect the property prior to the work in question;

   l. Failing to exercise reasonable and prudent care over the operations in question;

   m. Failing to institute safe work procedures for the property;

   n. Failure to have proper equipment on the property;

o. Failing to have proper equipment, specifically harnesses and fall protection equipment for workers on the site;

p. Failing to properly train workers;

q. Failing to properly and timely fix any job hazards; and

r. Failing to maintain a safe work environment.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

## B. GROSS NEGLIGENCE

Plaintiff re-alleges each aforementioned allegation. Plaintiff will further show that the acts and/or omissions of Defendants involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

Defendants knew or should have known of the risk associated with moving a vehicle without warning to Plaintiff, and failing to have proper fall protection equipment. As such, Defendants' actions and omissions constitute gross negligence and malice as those terms are understood by law. Therefore, Plaintiff prays that punitive damages be awarded against Defendants. Plaintiff would show that nothing Plaintiff did, or failed to do, in any way contributed to this incident.

## VII.   DAMAGES

Because of the nature of Defendants' actions, Plaintiff seeks punitive damages. Plaintiff seeks court costs, as well as pre-judgment and post-judgment interest at the appropriate rate allowed by law. Plaintiff seeks any other and further relief to which Plaintiff may be justly entitled.

All conditions precedent have been performed or have occurred.

## VIII.   JURY DEMAND

Plaintiff respectfully demands a jury trial and tenders the appropriate fee with this petition.

## IX.   INITIAL DISCLOSURES

Pursuant to Tex. R. Civ. P. 194, Plaintiff requests that Defendants disclose within thirty (30) days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## X.   PRAYER

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which she may be justly entitled.

*[Signature block on Following Page]*

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
 Anthony G. Buzbee
 State Bar No. 24001820
 Christopher J. Leavitt
 State Bar No. 24053318
 JPMorgan Chase Tower
 600 Travis Street, Suite 7300
 Houston, Texas 77002
 Tel: (713) 223-5393
 Fax: (713) 223-5909
 www.txattorneys.com
 tbuzbee@txattorneys.com
 cleavitt@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on March 17, 2022.

 */s/ Christopher J. Leavitt*
 Christopher J. Leavitt